**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **BEA SULLIVAN-KNOFF,** | |
| **Plaintiff,** | |
| **v.** | **No. 16 CV 8297** |
| **CITY OF CHICAGO and RAHM EMANUEL, in his Official Capacity,** | **Hon. Andrea R. Wood** |
| **Defendants.** | |

**DEFENDANTS' MOTION FOR LEAVE TO CITE SUPPLEMENTAL
AUTHORITY IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants City of Chicago (the "City"), and Mayor Rahm Emanuel (collectively "Defendants"), Edward N. Siskel, Corporation Counsel of the City of Chicago, respectfully move this Honorable Court for leave to cite the November 8, 2017 Opinion of the Seventh Circuit Court of Appeals in *Tagami v. City of Chicago, et al.*, 14 cv 9071 (attached hereto as Exhibit 1), as supplemental authority in support of Defendants' motion to dismiss, which is pending in the instant case. In support of this motion, Defendants state as follows:

1.  In *Tagami*, the plaintiff challenged Municipal Code of Chicago ("MCC") § 8-8-080, which prohibits public nudity. MCC § 8-8-080 prohibits, in relevant part, the exposure to public view of "any portion of the breast at or below the upper edge of the areola thereof of any female person" that is not covered by an opaque covering. Plaintiff in *Tagami* brought claims alleging that MCC § 8-8-080 violated the First Amendment and amounted to an impermissible sex-based classification in violation of the Fourteenth Amendment's Equal Protection Clause.

2.  In rejecting those claims, the Seventh Circuit specifically held that a sex-based classification that prohibits female but not male toplessness survives intermediate scrutiny under both the Equal Protection Clause and the First Amendment.

3.      With regards to the First Amendment, the Seventh Circuit implied that plaintiff's conduct was just that, conduct and not protected speech. Ex. 1 at 4-5. The court went on to give plaintiff the benefit of the doubt that her conduct was "communicative enough to warrant some degree of First Amendment protection," and held that under the *O'Brien* test, MCC § 8-8-080 survived intermediate scrutiny. *Id.* at 5-7. Regarding the equal protection claim, the Seventh Circuit applied intermediate scrutiny, and again found plaintiff's allegations insufficient, stating that "sex 'has never been rejected as an impermissible classification in all instances.'" *Id.* at 8.

4.      The above holdings in *Tagami* are directly relevant to the arguments set forth in Defendants' pending motion to dismiss.

WHEREFORE, Defendants respectfully move this Honorable Court to consider the recent *Tagami* ruling as additional authority on the points specified above, and on that basis as well as the bases set forth in the City's briefs, to grant the City's motion to dismiss.

Date:   November 9, 2017

ELLEN W. MCLAUGHLIN
TARA D. KENNEDY
City of Chicago, Department of Law
Constitutional and Commercial
  Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 742-5147 / 744-9028
*Attorneys for Defendants*

Respectfully submitted,

EDWARD N. SISKEL,
Corporation Counsel for the City of Chicago

By:      /s/ Tara D. Kennedy
             One of Defendant's Attorneys