IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BEA SULLIVAN-KNOFF, | |
| Plaintiff, | |
| v. | No. 16 CV 8297 |
| CITY OF CHICAGO and RAHM EMANUEL, in his Official Capacity, | Hon. Andrea R. Wood |
| Defendants. | |

**DEFENDANTS' RULE 54(b) MOTION TO RECONSIDER
THE COURT'S NOVEMBER 12, 2018 ORDER AND TO STAY PENDING DEADLINES**

Defendants City of Chicago (the "City"), and Mayor Rahm Emanuel (collectively "Defendants"), by their attorney, Edward N. Siskel, Corporation Counsel for the City of Chicago, respectfully move for reconsideration of this Court's November 12, 2018 Memorandum Opinion and Order ("Order") granting in part and denying in part Defendants' motion to dismiss. Defendants also respectfully request that the Court stay all currently set deadlines pending resolution of this motion, including Defendants' December 21, 2018 answer date and the parties' January 4, 2019 joint status report deadline. In support of this motion, Defendants state as follows:

1. On October 19, 2016, Defendants moved to dismiss Plaintiff Bea Sullivan-Knoff's Complaint in its entirety. Dkt. 15. After the parties fully briefed the motion, both parties filed motions for leave to cite supplemental authority. *See* Dkt. 20, 30, 34, 36, 38, 48, 56. Specifically, on March 31, 2017, Plaintiff sought leave to cite as persuasive authority, a decision from the United States District Court for the District of Colorado, *Free the Nipple-Fort Collins v. City of Fort Collins*, 237 F. Supp. 3d 1126 (D. Colo. 2017), *appeal docketed*, 17-1103 (10th Cir. argued Jan. 17, 2018), to which the City responded. Dkt. 36, 38. On November 9, 2017,

Defendants sought leave to cite as binding authority, the Seventh Circuit's decision in *Tagami v. City of Chicago*, 875 F.3d 375 (7th Cir. 2017), *as amended* (Dec. 11, 2017), *cert. denied sub nom. Tagami v. City of Chicago, Ill.*, 138 S. Ct. 1577 (2018), to which Plaintiff responded. Dkt. 48, 56. The Court granted both motions. Dkt. 39, 50.

2. On November 12, 2018, this Court entered an Order granting in part and denying in part Defendants' motion to dismiss Plaintiff's Complaint. While the Court explicitly relied upon the supplemental authority from Colorado cited by Plaintiff in ruling on Plaintiff's equal protection claim, the Court did not cite to or address Defendants' supplemental authority from the Seventh Circuit that is directly relevant to this action. Defendants respectfully assert that the Order's failure to address the effect of *Tagami* on Plaintiff's claims is an error of law that, in the interests of justice, warrants reconsideration.

3. Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The Federal Rules of Civil Procedure do not explicitly provide a mechanism for a court to reconsider an interlocutory order, but courts in this district construe such motions as arising under Rule 54(b), as well as the Court's inherent authority and the common law. *Caine v. Burge*, 897 F. Supp. 2d 714, 716 (N.D. Ill. 2012). Although "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion," *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996), it is well established that a motion to reconsider is appropriate where "a court has

misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). Motions for reconsideration "can serve a valuable function by helping, under appropriate circumstances, to ensure judicial accuracy." *Mosley v. City of Chicago*, 252 F.R.D. 445, 446-47 (N.D. Ill. 2008) (noting that such circumstances can arise if a court overlooks important facts or controlling law). Reconsideration of an interlocutory order is within the sound discretion of the trial court. *See Caine*, 897 F. Supp. 2d at 716.

4. Here, the omission of any discussion of *Tagami* in the Court's Order falls within the realm of proper reexamination, as the failure to address controlling law is an error of apprehension regarding Defendants' arguments in favor of dismissal. In *Tagami*, the plaintiff challenged Municipal Code of Chicago ("MCC") § 8-8-080, which prohibits public nudity. In language nearly identical to the ordinance at issue here, MCC § 8-8-080 prohibits, in relevant part, the exposure to public view of "any portion of the breast at or below the upper edge of the areola thereof of any female person" that is not covered by an opaque covering. The plaintiff in *Tagami* alleged that MCC § 8-8-080 violated the First Amendment and amounted to an impermissible sex-based classification in violation of the Fourteenth Amendment's Equal Protection Clause—the same claims Plaintiff brings here with respect to MCC § 4-60-140.

5. In *Tagami*, the Seventh Circuit rejected those claims and affirmed dismissal, specifically holding that a sex-based classification that prohibits female but not male toplessness survives intermediate scrutiny under both the Equal Protection Clause and the First Amendment.

These holdings are directly relevant to Plaintiff's claims here, and to arguments that were set forth in Defendants' motion to dismiss, and therefore, at a minimum these holdings from *Tagami* warrant discussion from this Court.

6.  Regarding the First Amendment, the Seventh Circuit in *Tagami* suggested that plaintiff's conduct was just that, conduct and not protected speech. *Tagami*, 875 F.3d at 378. But even providing plaintiff the benefit of the doubt that her conduct was "communicative enough to warrant some degree of First Amendment protection," the court held that under the *O'Brien* test, MCC § 8-8-080 survived intermediate scrutiny. *Id.* at 378-79. Here, as in *Tagami*, Plaintiff seeks First Amendment protection for conduct, not speech, and her claim fails on that basis. Even assuming, however, that Plaintiff's conduct here is "communicative enough to warrant" First Amendment protection, as in *Tagami*, the nearly identical language in MCC § 4-60-140 likewise satisfies intermediate scrutiny.[1] Notably, in *Tagami* the court explicitly upheld the ordinance on the basis of "history and tradition" without an evidentiary hearing. *Tagami*, 875 F.3d at 379. The court determined that the ordinance's essential purposes of "promoting traditional moral norms and public order" were "self-evident and important enough to survive scrutiny under the *O'Brien* test." *Id.* While *Tagami* did not involve the secondary effects test, it applied intermediate scrutiny to ordinance language nearly identical to that being challenged here and accordingly is directly relevant.

7.  In affirming the dismissal of the *Tagami* plaintiff's equal protection claim, the Seventh Circuit again applied intermediate scrutiny, stating that "sex has never been rejected as an impermissible classification in all instances." *Id.* at 380 (internal quotation marks and citation omitted). The court went on to hold that the ordinance at issue "easily" withstood intermediate

---

[1] While the *Tagami* decision applied intermediate scrutiny under the *O'Brien* test, that test is incorporated by the *Ben's Bar* intermediate scrutiny test that must be applied here. *See* Dkt. 20 at 11-12 n.5.

scrutiny for the same reasons as discussed in relation to the First Amendment. *Id.* Here, in denying the City's motion to dismiss Plaintiff's equal protection claim, the Court stated that the City's ordinance might be based on an "overbroad generalization about the sexual capacity of males and females" and the "assumption that females have a heightened capacity to arouse sexual desire when exposing their breasts as compared to males." Order (Dkt. 70) at 6. While the Court cited to *Free the Nipple—Fort Collins*, in support of the statement that "the relevant difference here concerning the heightened sexual nature of female breasts might just be a product of society's sexual objectification of women," the Court did not reconcile this decision from a district court within the Tenth Circuit with the Seventh Circuit's holding in *Tagami* that an ordinance making this same distinction was not an impermissible classification, and easily withstood intermediate scrutiny. *Id.* at 6-7. Defendants therefore respectfully request that the Court reconsider its Order based on *Tagami*.

        8.        Defendants also respectfully request that the Court reconsider its Order because it was based, in part, on facts not properly pled in the Complaint. In its Order the Court stated:

> As a preliminary matter, it is not clear from the face of the Complaint that Sullivan-Knoff's performance violates the plain terms of the Ordinance, as the allegations in the Complaint suggest that Sullivan-Knoff is covered by a sheet during the entirety of her performance. Nonetheless, the Court will assume for purposes of Defendants' motion to dismiss that Sullivan-Knoff's performance does involve exposure of nudity as defined by the Ordinance because it is plausible that throughout the course of her performance the relevant parts of Sullivan-Knoff's body are "less than completely and opaquely covered."

Order (Dkt. 70) at 4. To be sure, in order to survive a motion to dismiss, a complaint need not contain detailed factual allegations but it must plead "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But the Court's conclusion above is not supported by *any* facts in the Complaint. Defendants noted this pleading

5

deficiency in their opening memorandum, but Plaintiff did not address it in her response brief. *See* Dkt. 20 at 1-2 ("Although Plaintiff alleges that she is unable to perform this piece at an establishment with a liquor license because of the Ordinance, *id.* ¶¶ 27-28, she alleges no facts suggesting that she performs it in a nude or semi-nude state."). At no point in this action has Plaintiff alleged, or even attempted to allege, that she appears nude or semi-nude during the described performance. Accordingly, the Court's conclusion above warrants reconsideration. In addition to Plaintiff's equal protection and First Amendment claims, Plaintiff's substantive due process claim should also be dismissed based on this pleading deficiency.

9. For the foregoing reasons, Defendants respectfully request that the Court reconsider its Order denying in part Defendants' motion to dismiss and grant Defendants' motion to dismiss Plaintiff's equal protection, First Amendment, and due process claims. Because Plaintiff has failed to sufficiently plead any claims, Defendants further request that the Court stay the currently set December 21, 2018 answer date and January 4, 2019 joint status report date pending a ruling on this motion.

WHEREFORE, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Defendants respectfully request that the Court reconsider its Order denying in part Defendants' motion to dismiss, and stay all currently set deadlines pending a ruling on this motion.

Date: December 7, 2018

Maggie Sobota
Tara D. Kennedy
City of Chicago, Department of Law
Constitutional and Commercial
 Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 742-0260 / 744-9028

*Attorneys for Defendants*

Respectfully submitted,

EDWARD N. SISKEL,
Corporation Counsel for the City of Chicago

By: /s/ Tara D. Kennedy