IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BEA SULLIVAN-KNOFF ) | |
| ) | |
| Plaintiff, ) | |
| ) | 16-CV-08297 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| THE CITY OF CHICAGO and RAHM ) | |
| EMANUEL, in his Official Capacity, ) | |
| ) | |
| Defendants. ) | **JURY DEMANDED** |

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS' RULE 54(b) MOTION TO RECONSIDER THE COURT'S NOVEMBER 12, 2018 ORDER AND TO STAY PENDING DEADLINES**

NOW COMES Plaintiff, BEA SULLIVAN-KNOFF, by and through her attorneys, Mary J. Grieb of The Shiller Preyar Law Offices, with the instant memorandum of law in response to Defendants' Motion to Reconsider The Court's November 12, 2018 Order and to Stay[1] Pending Deadlines:

**Introduction**

1. Defendants' motion to reconsider should be denied because this Court correctly decided their motion to dismiss as to Plaintiff's First Amendment, equal protection, and due process claims. This Court did not make a manifest error of law or fact and Defendants present no "newly discovered" evidence to warrant reconsideration.

**Relevant Procedural Background**

2. After Defendants' motion to dismiss was fully briefed and both sides filed motions for leave to cite supplemental authority (and responses to those motions), this Court issued its ruling on November 12, 2018. Dkt. 70. This Court ruled as follows:

---

[1] This Court denied Defendants' request for a stay on December 12, 2018, but set a briefing schedule on the motion for reconsideration. Dkt. 75.

1

a. As to the equal protection claim, this Court applied intermediate scrutiny to Defendants' proffered justification for the differential treatment of females and males: "the harmful secondary effects that arise from the combination of sexual nudity and alcohol." *Id.*, p. 5. This Court heeded the guidance of the Supreme Court holding that municipalities cannot "rely on overbroad generalizations about the nature of females and males, and that any differences may not denigrate or artificially constrain either sex." *Id.*, p. 6 (citation omitted). This Court noted that Defendants' justification may be an "overbroad generalization about the sexual capacity of males and females." Ultimately, at this stage of the case, the court denied the motion to dismiss because "the court cannot say that Defendants' justification withstands the intermediate scrutiny applicable to the sex-based distinction in the Ordinance." *Id.*, p. 7.

b. As to the First Amendment claim, this Court determined that whatever First Amendment protections extended to nude dancing would also extend to Sullivan-Knoff's performance art involving nudity. *Id.*, p. 8 (citing *Ben's Bar v. Village of Somerset*, 316 F. 3d 702, 722 (7th Cir. 2003). This Court then cited several Seventh Circuit cases for the proposition that a municipality relying on an adverse secondary effects justification <u>must</u> offer some tangible evidence and not just prior case law. *Id.*, pp. 8-9. This Court then rejected Defendants' reliance on the evidence referenced (including expert testimony) in *City of Chicago v. Pooh Bah Enterprises*, 865 N.E.2d 133 (Ill. 2006), holding that, regardless of its merit, Plaintiff "must have an opportunity to challenge and respond to Defendants' evidence." *Id.* (citing *Foxxxy Ladyz Adult World v. Village of Dix, Ill.*, 779 F. 3d 706, 717(7th Cir. 2015) (which itself cited the "substantial governmental interest" requirement of United States v. *O'Brien,* 391 U.S. 367 (1968)). This Court denied the motion to dismiss the First Amendment claim.

c. As to the due process challenge, this Court rejected Plaintiff's argument that the ordinance violated her right to bodily integrity, but denied Defendants' motion to dismiss Plaintiff's due process claim based on vagueness. *Id.*, pp. 10-11. This Court specifically noted that "transgender individuals, like [Sullivan-Knoff], who wish to perform in establishments serving liquor – and the establishments that are deciding whether to permit them to perform – may not know whether the performers have 'female breasts' under the law, and relatedly, whether they are perceived by law enforcement to have 'female breasts.'" *Id*. This Court rejected Defendants' argument that Plaintiff complained about a mere hypothetical scenario, acknowledging that Plaintiff "is presenting the very scenario she finds herself in as a transgender woman who does not know how the ordinance applies to her." *Id*.

d. As to the Illinois Constitution claims, Plaintiff conceded that she only seeks declaratory relief for her Illinois constitutional claims, and this Court rejected Defendants' arguments as to the state constitutional claims. *Id.*, p. 12-13.

    e. As to Count VI (Illinois Human Rights Act), this Court dismissed the count because Plaintiff conceded she did not administratively exhaust her IHRA claim. *Id*.

3. This Court granted in part and denied in part Defendants' motion to dismiss.

## Standard of Review

4. Federal Rule of Civil Procedure Rule 54(b) allows a court to reconsider prejudgment interlocutory decisions at any time prior to final judgment. *In re 949 Erie St., Racine, Wis*., 824 F.2d 538, 541 (7th Cir. 1987). But, "motions to reconsider serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir. 1996). Disposition of the motion is left to the Court's discretion. *Id*. Importantly, parties "cannot use these motions to rehash arguments already rejected by the court or to present new evidence or theories that the moving party could have presented earlier." *SEC v. Nutmeg Group*, No. 09-C-1775, 2016 U.S. Dist. LEXIS 68176 at *6 (N.D. Ill. May 24, 2016).

## Argument

5. This Court made no manifest error of law or fact in reaching its decision and thus Defendants' motion for reconsideration must be denied.

**I.    This Court Properly Applied Intermediate Scrutiny and Denied Defendants' Motion to Dismiss as to the First Amendment Claim**

6. This Court correctly allowed Plaintiff's First Amendment claim to proceed. After considering relevant precedent, this Court noted that any First Amendment protection that nude dancing received extended to Plaintiff's performance art, cited several Seventh Circuit cases holding that a municipality relying on the adverse secondary effects doctrine must offer some tangible evidence for the justification, and denied Defendants'

3

motion to dismiss, holding that Plaintiff "must have an opportunity to challenge and respond to Defendants' evidence." (citing *Foxxxy Ladyz Adult World*, 779 F. 3d at 717 (reversed the trial court's grant of a motion to dismiss as premature where the municipality had not produced evidence.))

7. Further, in their motion to reconsider, Defendants appear to ask this Court to follow *Tagami v. City of Chicago,* 875 F. 3d. 375 (7th Cir. 2017) on the First Amendment claim. Unfortunately, Defendants ignore that a) the City never raised the "adverse secondary effects of sexual nudity and alcohol" justification in *Tagami* and b) Seventh Circuit precedent (*Foxxxy Ladyz Adult World*, 779 F. 3d at 712) actually *requires* that the municipality offer "specific, tangible evidence establishing a link between the regulated activity and the harmful secondary effects" for this type of restriction.

8. Thus, this Court did not err in not following the rationale of *Tagami* because *Tagami* is not controlling; on the contrary, this Court correctly analyzed the City's proffered "secondary effects" justification under the controlling Seventh Circuit precedent: *Ben's Bar* and *Foxxxy Ladyz*. Reconsideration is not warranted.

## II. This Court Properly Applied Intermediate Scrutiny and Denied Defendants' Motion to Dismiss as to the Equal Protection Claim

9. Similarly, this Court properly analyzed Plaintiff's equal protection claim and Defendants' proffered justification for treating men and women differently by citing relevant Seventh Circuit and Supreme Court case law. Again, because Defendants chose to justify MCC 4-60-140(d) by relying on a "harmful secondary effects of sexual nudity and alcohol" justification (rather than the "traditional moral norms" justification raised in *Tagami*), this Court properly analyzed whether that specific proffered justification survived

intermediate scrutiny, *i.e.*, did not rely on overbroad generalizations about the nature of females and males.

10. Further, in applying intermediate scrutiny, this Court acknowledged that Defendants' proffered justification for MCC 4-60-140(d) may well be a "product of society's sexual objectification of women" (and thus constitutionally suspect) or may be something more fundamental about the nature of males and females (and thus constitutionally proper), but that the court could not say, at the motion to dismiss stage, that the proffered justification withstood intermediate scrutiny.

11. Just as with the First Amendment claim, in their motion to reconsider, Defendants ask this Court to follow *Tagami's* holding that MCC 8-8-080[2] is a permissible sex-based classification because it is justified by traditional moral norms. Defendants again miss their mark, because they are not relying on "traditional moral norms" as their justification for the different treatment of males and females in MCC 4-60-140(d). The equal protection analysis of *Tagami* simply does not apply.

12. In sum, this Court properly analyzed Plaintiff's equal protection challenge to the ordinance and made no mistake of law or fact warranting reconsideration.

### III. This Court Correctly Inferred that MCC 4-60-140 Applies to Plaintiff Because Her Performance Involves Nudity

13. As longstanding precedent dictates, in ruling on a motion to dismiss, this Court correctly drew reasonable inferences in Plaintiff's favor in determining that Plaintiff's performance

---

[2] While some of the language of MCC 8-8-080 is very similar to MCC 4-60-140(d) (compare "any portion of the breast at or below the upper edge of the areola thereof of any female person" with "any portion of the female breast at or below the areola thereof"), the context is completely different. MCC 8-8-080 governs public nudity (specifically, "Any person who shall appear, bathe, sunbathe, walk or be in any public park, playground, beach or the waters adjacent thereto, or any school facility and the area adjacent thereto, or any municipal building and the areas adjacent thereto, or any public way within the City of Chicago"). In contrast, MCC 4-60-140 only applies to employees, entertainers, or patrons of establishments licensed to sell liquor in Chicago.

would violate the challenged ordinance. Dkt. 70, p. 4. Admittedly, the nuanced, intimate and transgressive nature of Plaintiff's performance does not mesh well with the "short and plain statements" that Rule 8 requires. To be clear, and contrary to Defendants' representation, as expressed in paragraphs 18, 21, and 28 of her complaint, Plaintiff's performance does involve nudity and exposing her breasts. In fact, she specifically alleges that "in performing the piece and afterwards, Plaintiff feared that by <u>exposing her female breasts</u>, she would be causing the establishment" to violate MCC 4-60-140.

14. At this stage of the proceedings, this Court correctly drew a plausible inference in Plaintiff's favor and made no mistake of law or fact to warrant reconsideration.[3]

### IV. This Court's Ruling Denying Defendants' Motion to Dismiss Was Correct Because *Tagami v. City of Chicago* Does Not Apply To This Case

15. Defendants' wholesale reliance on *Tagami v. City of Chicago* is both misplaced and not a proper basis for a motion to reconsider. The Seventh Circuit's holdings in *Tagami* as to the equal protection and First Amendment challenges are not controlling for the reasons set forth in sections I and II, *supra*.

16. Further, Defendants continue to ignore that Plaintiff is a transgender woman, that transgender people exist, that gender identity is not binary, that Plaintiff has also challenged MCC 4-60-140(d) on due process grounds, and that the plaintiff in *Tagami* did not bring a due process challenge and thus the Seventh Circuit did not discuss a due process challenge to similar language in *Tagami*.[4]

---

[3] Plaintiff contends that this Court properly drew all plausible inferences in her favor because she has clearly alleged that her performances involved nudity and exposing her breasts (thus subjecting her to MCC 4-60-140(d)). To the extent paragraph 21 of the Complaint is not clear enough, Plaintiff will clarify in discovery that in that particular performance, she wore the brown paper bag over her head and nothing else.

[4] In their motion for reconsideration, Defendants do not address Plaintiff's due process challenge or this Court's vagueness analysis in any substantive fashion.

6

17. In short, inasmuch as the City is arguing that this Court should reconsider its ruling because this Court did not cite *Tagami*, such an argument lacks merit. *Tagami* is distinguishable for all of the reasons outlined above and thus not controlling.

**Conclusion**

18. In sum, Defendants chose to rely on the "harmful secondary effects" doctrine to justify the challenged ordinance. This Court properly analyzed their motion to dismiss under that framework. Defendants also failed to persuasively address Plaintiff's due process challenge to the ordinance. Put simply, there is no mistake of law or fact in this Court's November 12, 2018 opinion and the motion for reconsideration should be denied.

**WHEREFORE**, Plaintiff respectfully requests that this Court deny Defendants' Motion to Reconsider in its entirety, and for any other and additional relief that this Court deems equitable and just.

Dated: January 4, 2019                    Respectfully Submitted,

PLAINTIFF BEA SULLIVAN-KNOFF

By: /s/Mary J. Grieb

Mary J. Grieb
The Shiller Preyar Law Offices
601 South California Avenue
Chicago, IL 60612
(312) 226-4590
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

Mary J. Grieb hereby certifies that a copy of the foregoing was served upon all opposing counsel via the CM/ECF email system.

s/ Mary J. Grieb

Mary J. Grieb
Shiller Preyar Law Offices
601 S. California Ave.
Chicago, IL 60612
(312) 226-4590